UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIRECTV, LLC, | : |
| Plaintiff, | : |
| | : Civil Action No. 3:13-CV-01090 |
| v. | : |
| | : (Judge Kosik) |
| ROCCO R. PERUGINI and ARISTIDE, TORRE, individually, and as officers, directors, shareholders, and/or principals of VIA NUOVA, INC., d/b/a VIA NUOVA PIZZERIA | : |
| and | : |
| VIA NUOVA, INC., d/b/a VIA NUOVA PIZZERIA, | : |
| Defendants. | : |

FILED
SCRANTON
JUN 2 0 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

Before this court are Defendants' Motion for Summary Judgment and Plaintiff's Cross Motion for Partial Summary Judgment. For the reasons which follow, the Defendants' Motion for Summary Judgment will be granted in part and denied in part, and Plaintiff's Cross Motion for Partial Summary Judgment will be granted.

### I. Procedural History

Plaintiff, DIRECTV, LLC, initiated this action on April 25, 2013, by filing a complaint against Defendants, Rocco R. Perugini and Aristide Torre, both individually and as officers, directors, shareholders, and/or principals of Via Nuova, Inc., d/b/a Via Nuova Pizzeria, and against Via Nuova, Inc., d/b/a Via Nuova Pizzeria. (Doc. 1.) On July 8, 2013, the Court granted

Defendants' motion to dismiss Count III of the Complaint (Doc. 13), leaving Count I, damages for violations of 47 U.S.C. § 605(a), and Count II, damages for violations of 18 U.S.C. § 2511. On December 4, 2013, the Court granted a stipulation to dismiss Defendant Rocco R. Perugini without prejudice. (Doc. 23.) Defendants filed a motion for summary judgment and a statement of material facts (Doc. 24) on December 5, 2013. Plaintiff then filed a cross motion for partial summary judgment and statement of material facts (Doc. 25) on December 6, 2013. On December 20, 2013, Plaintiff filed a brief in opposition to Defendants' motion for summary judgment (Doc. 27) and a response in opposition to Defendants' statement of material facts (Doc. 28). Defendants filed a brief in opposition (Doc. 29) to Plaintiff's cross motion for partial summary judgment on December 23, 2013. The motions are ripe for disposition.

## II. FACTUAL BACKGROUND

On February 2, 2013, Plaintiff, a major distributor of satellite programming in the United States, engaged in an anti-fraud activity at the location of Defendant, Via Nuova, Inc., d/b/a/ Via Nuova Pizzeria. (Doc. 25, Attach. 3, Pl.'s SMF, at ¶¶ 7-8.) Lawrence Davis, an auditor contracted by Plaintiff, entered Via Nuova Pizzeria to determine whether it was illegally exhibiting DIRECTV satellite programming. (Id. at ¶ 7.) When Davis entered the pizzeria, Defendant Torre was cooking and watching the local news on the television, which was mounted in the corner at the entrance of the take out area. (Doc. 24, Defs' SMF, at ¶¶ 6, 8.) The take out area also included numerous tables for dining in, as evidenced by the video taken by the auditor. (Doc. 26, Video.) Other than the auditor, there were no other patrons in the pizzeria at that time, but Defendants did derive income from sales on that day. (Id. at ¶ 9; Doc. 25, Attach. 3, Pl.'s SMF, at ¶¶ 12-13.) The auditor requested and obtained a channel change to the Kentucky v.

Texas basketball game and confirmed Defendants were airing DIRECTV satellite programming. (Doc. 28, Pl.'s CSMF, at ¶ 8, Ex. A, Davis Affidavit.)

Defendants admit that Torre had a residential contract with Plaintiff, and that none of the Defendants had a commercial contract with Plaintiff. (Doc. 24, Defs' SMF, at ¶¶ 10-12.) A commercial contract with the Plaintiff is more expensive than a residential contract since the programming is displayed for public viewing. (Doc. 26, Ex. A, Pl.'s Aff., at ¶ 6.) Defendants also admit that Torre brought his DIRECTV receiver from home and hooked it up to the television in Via Nuova Pizzeria. (Id. at ¶ 10.)

### III. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. Id. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986). When the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). It then follows that summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## IV. DISCUSSION

### A. COUNT I - 47 U.S.C. § 605

Plaintiff moves for partial summary judgment on the issue of liability under Section 605 because they claim Defendants illegally received and displayed DIRECTV's Satellite Programming in a commercial establishment. Defendants move for summary judgment on Count I because they claim they did not divulge or publish the existence of the DIRECTV signal to any other person, any disclosure was through an authorized channel, and they are not "communications personnel" as required for liability under the first sentence of Section 605(a). Additionally, Defendants assert there was no interception or evidence of commercial gain.

Section 605, was enacted to prevent the pirating of radio and wire communications. See Joe Hand Promotions, Inc. v. Rennard Street Enterprises, Inc., 954 F. Supp. 1046, 1051 (E.D. Pa. 1997) (citing United States v. Norris, 88 F.3d 462, 465 (7th Cir. 1996)).

Section 605(a) provides that:

> [N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception . . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). A private right of action exists for DIRECTV, as a "person aggrieved," under section 605(a). DIRECTV, Inc. v. Seijas, 508 F.3d 123, 124 (3d Cir. 2007); 47 U.S.C. § 605(e)(3)(A). Section 605(a) does not require a knowing violation, but the willfulness of the violator is considered when determining a fine, the reduction of damages, and the enhancement of damages. See 47 U.S.C. §§ 605(e)(1-2); see also §§ 605(e)(3)(C)(ii-iii).

In the present case, Plaintiff has established a violation of Section 605(a), and there is no genuine issue as to any material fact. There is no dispute that Torre, who was authorized to receive DIRECTV's satellite transmissions for residential use, was not authorized to receive these satellite transmissions for commercial use. It is also undisputed that Via Nuova, Inc., d/b/a Via Nuova Pizzeria, did not have a commercial account with Plaintiff, and was not authorized to receive the satellite transmissions and publish them to its customers for commercial gain. Additionally, Plaintiff has established that Torre published the DIRECTV satellite transmission

in Via Nuova Pizzeria as evidenced by the auditor's affidavit.

Defendants argue that they cannot be held liable under the first sentence of Section 605(a) because they are not communication personnel. We find that the case law is inconsistent on the issue of whether bar owners can be liable under the first sentence. For example, in Kingvision Pay Per View, Ltd. v. Duermeier, 24 F. Supp. 2d 1179 (D. Kan. 1998), the court found that a bar owner who was authorized to receive and view a pay-per-view event in his apartment did not violate the first sentence of Section 605(a) when he recorded the event on his VCR and then played the event later that night in a bar, because he was not considered communication personnel. In comparison, other courts, such as the District Court for the Eastern District of Pennsylvania in J & J Sports Productions, Inc. v. 4326 Kurz, have found that a bar owner who was authorized to receive a transmission on a residential account can be held liable under the first sentence of Section 605(a), and we agree.

In J & J Sports Productions, Inc., Kurz, an officer, director, shareholder, or principal of the commercial establishment, who also had supervisory control, had a residential DIRECTV account. J & J Sports Prods., Inc. v. 4326 Kurz Ltd., 2009 WL 1886124, *1-2 (E.D. Pa. June 30, 2009). Kurz purchased a pay-per-view fight at the residential rate and aired it at a commercial establishment. Id. at 7. The court utilized an interpretation of the first sentence, which is that it "prohibits intermediaries who are authorized to receive a communication by wire or radio from divulging the contents of the transmission to any person other than the addressee intended by the sender[,]" and found it applicable to Kurz. Id. (quoting Nat'l Satellite Sports Inc. v. Eliadis, Inc., 253 F.3d at 913). The district court found that Kurz lawfully received the communication because he had a residential account with DIRECTV, but since it only allowed for "private non-

commercial use," the patrons at the commercial establishment constituted unauthorized recipients for the purposes of Section 605(a). Id.

In the present case, Torre, an officer of Via Nuova, Inc., who had control over the operations of Via Nuova Pizzeria, similarly had a residential account with DIRECTV. Torre moved his DIRECTV receiver to the commercial establishment, Via Nuova Pizzeria, and divulged and published the satellite transmission to unauthorized recipients, patrons of the commercial establishment, as evidenced by the auditor's affidavit. Although Torre lawfully received the transmission because he had a residential account with DIRECTV, he was not authorized to divulge the signal or use it for commercial use. Therefore, we find that the first sentence is applicable to Defendants.

Defendants argue that the transmission through Torre's residential receiver was an "authorized channel[] of transmission or reception," which is an exception within the first sentence. We disagree since Section 605(a) prohibits the unauthorized divulgence of a satellite communication, "even after lawfully receiving the communication," to unauthorized recipients, such as patrons. See Id. It is undisputed that Defendants were not authorized to receive these transmissions for commercial use; therefore, it was not an "authorized channel[] of transmission or reception."

Defendants also argue that there was not a divulgence because there were no patrons present. We disagree since the auditor entered the pizzeria as a member of the public, who then asked for and obtained a channel change to a sporting event aired by DIRECTV.

Even assuming *arguendo* that the first sentence does not apply to restaurant owners such as Torre, as Defendants argue, Defendants would still be liable under the third sentence of

7

Section 605(a), since Torre received or assisted in receiving the satellite transmission for the benefit of himself and Via Nuova, Inc., d/b/a Via Nuova Pizzeria.

Defendants also argue that an interception is required for liability under the third sentence of Section 605(a). Case law supports the interpretation that no interception is required since "the third sentence simply proscribes the unauthorized divulgence or publishing of covered communications even when they have been 'received' legally." Kingvision Pay Per View, Ltd., 1996 WL 496600 at * 2 (citing That's Entertainment, Inc. v. Old Bridge Tavern, No. 94 C 2612, 1996 WL 148045, at * 2 (N.D. Ill. March 28, 1996)). Therefore, we find that Defendants are also liable under the third sentence of Section 605(a).

Defendants argue that there is no evidence of commercial gain. There is no dispute of fact that Defendants made sales on February 2, 2013, the day of the audit. There is no dispute that the television is located in an area where it can be viewed by patrons, and that at the time of the audit, the television was turned on and the pizzeria was open for business. Torre also obliged the auditor, a member of the public, and allowed him to change the channel to a basketball game for viewing. Although Defendants argue that the television is located in the take out area for Torre's own viewing, the video of the audit submitted by Plaintiff (Doc. 26, Video), shows that the "take out area" also includes numerous tables for dining in, with a clear view of the television. Therefore, we find that Defendants received and assisted in receiving DIRECTV satellite transmissions for their own benefit. The amount of benefit is an issue for the damages stage. See 47 U.S.C. § 605(e)(3)(C)(i)(I) (an aggrieved party may recover actual damages suffered and any profits of the violator attributable to the violation).

We find that there is no dispute of material fact as to Defendants' liability under Section

605(a), and Plaintiff is entitled to a judgment as a matter of law as to the liability issue of Count I.

## B. COUNT II - 18 U.S.C. § 2511

Defendants also move for summary judgment as to Plaintiff's Section 2511 claim because they have not intercepted any electronic communication, nor did Defendant Torre act intentionally. Plaintiff responds by arguing that the intentional act of Torre relocating his DIRECTV receiver from his home to Via Nuova Pizzeria constituted an intentional interception.

The Electronic Communications Privacy Act, 18 U.S.C. § 2511, makes it unlawful for any person to intentionally intercept or endeavor to intercept, any electronic communication, which includes DIRECTV satellite transmissions. DIRECTV, Inc. v. Pepe, 431 F.3d 162, 166 (3d Cir. 2005); 18 U.S.C. § 2511(a). "Intercept" is defined in the statute as, "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Plaintiff does not cite any case law supporting its position that moving an authorized receiver to a different location constitutes an interception, and we find that it does not. Defendant Torre was authorized to receive the signal with his DIRECTV receiver, and did not utilize a pirate access device or something similar, which is commonly seen in suits for violations of Section 2511. Therefore, we find that there is no genuine issue of material fact, and Defendants are entitled to judgment as a matter of law as to Count II.

## V. CONCLUSION

For the reasons set forth above, we will grant in part and deny in part Defendants' motion for summary judgment, and we will grant Plaintiff's cross motion for partial summary judgment.

The parties will be permitted to submit authorities relating to the issue of damages. An appropriate order is attached.