UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIRECTV, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 3:13-CV-01090 |
| v. : | |
| : | |
| ROCCO R. PERUGINI and ARISTIDE : | (Judge Kosik) |
| TORRE, individually, and as officers, : | |
| directors, shareholders, and/or principals of : | |
| VIA NUOVA, INC., d/b/a VIA NUOVA : | |
| PIZZERIA : | |
| : | |
| and : | |
| : | |
| VIA NUOVA, INC., d/b/a VIA NUOVA : | |
| PIZZERIA, : | |
| Defendants. : | |

## MEMORANDUM

Before the Court is the issue of damages as a result of our Order dated June 20, 2014, granting Plaintiff's cross-motion for summary judgment as to Defendants' liability under 47 U.S.C. § 605(a). For the reasons which follow, statutory damages, attorney fees, and costs will be awarded.

Courts typically determine the amount of damages to be awarded under § 605, where there are no facts in dispute. Joe Hand Promotions, Inc. v. Albright, No. CIV. 2:11-2260, 2013 WL 2449500 (E.D. Ca. Jun. 5, 2013). Plaintiff requests the maximum statutory limit of $10,000 under § 605(e)(3)(C)(i)(II), $20,000 in enhanced damages under § 605(e)(3)(C)(ii), and $8,889.35 in attorney fees and costs under § 605(e)(3)(B)(iii). Defendants respond by arguing

that the court should use its discretion and reduce the award of damages to a sum not less than $250, since they were not aware that their acts constituted a violation of § 605. Alternatively, they argue that the statutory minimum of $1,000 should be awarded, that no enhanced damages should be awarded, and that the attorney fees should be denied or at least reduced because they made a Rule 68 Offer of Judgment of $1,003.00, on July 29, 2013 (Doc. 35, Defs' Damages Reply Br., Ex. 1-2).

## I. Damages under 47 U.S.C. § 605(e)(3)(C)(i)(II)

Section 605(e)(3)(C)(i)(II) allows a party aggrieved to recover statutory damages for each violation of § 605(a) "in a sum not less than $1,000 or more than $10,000, as the court considers just." Plaintiff requests that we award the statutory maximum of $10,000 for various reasons including deterrence and compensation for the loss of good will.

In using its discretion in setting an amount of statutory damages, courts have considered factors such as deterrence of future piracy and compensation for the loss of revenue the plaintiff suffered. See Joe Hand Promotions, Inc. v. Becchetti, Civ. No. 12-CV-1242, 2013 WL 4520638 (M.D. Pa. Aug. 26, 2013) (awarded the fee that the establishment would have paid based on the venue's maximum capacity); see also J&J Sports Productions, Inc. v. Gallegos, 08-CV-201, 2008 WL 3193157, *4 (D.N.J. Aug. 5, 2008) ("Courts of this District and the Third Circuit have approved the award of statutory damages in excess of actual damages for the purpose of deterrence.") "Although various factors inform the Court's determination of a 'just' amount of damages, [DIRECTV] has the burden to show than an award of damages greater that the statutory minimum is warranted." DIRECTV, Inc. v. Walsh, 540 F. Supp. 2d 553, 560 (M.D. Pa. 2008).

In the Third Circuit, courts have "acknowledged that when a large discrepancy exists between actual damages . . . and maximum statutory damages . . . an award of maximum statutory damages is not appropriate despite its deterrent effect." Becchetti, 2013 WL 4520638 at *4. In this case, the maximum statutory damages are $10,000. Plaintiff has not provided a fee schedule that shows the Court what Defendants would have to pay for a commercial account, as was the case in Becchetti. The Court declines to award the maximum amount of statutory damages.

Defendants request that the Court reduce the award of damages to a sum not less than $250 under § 605(e)(3)(C)(iii). The Court has discretion to reduce an award to not less than $250, when it "finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section." 47 U.S.C. § 605(e)(3)(C)(iii). "The Court should exercise this discretion only in 'those rare instances of ignorance of the law on the part of one adjudged to have violated it.'" DIRECTV, Inc. v. Boonstra, 302 F. Supp. 2d 822, 830 (W.D. Mich. 2004) (quoting Joe Hand Promotions, Inc. v. D.M.B. Ventures, Inc., No. Civ. A. No. 93–2656, 1995 WL 683847, at *2 (E.D.La. Nov. 14, 1995) (quoting 130 Cong. Rec. 31,875 (Statement of Sen. R. Packwood), reprinted in 1984 USCCAN, at 4750–51)). "Such a reduction may be appropriate where there is no evidence that the defendant knew that he was violating the law." Id. (citing Don King Prods./ Kingvision v. Lovato, No. C–95–2827 (THE), 1996 WL 682006, *4 (N.D.Cal. Nov. 15, 1996)).

In this case, Defendant Torre is the owner of Via Nuova and the cook at Via Nuova Pizzeria. Defendant Torre declares that he is responsible for the pizzeria and spends approximately 80 hours per week working there, handling all aspects of the business. (Doc. 24,

3

Defs' MSJ, App. Ex. A, Torre Decl., ¶ 2.) Defendant Torre believed that he could use his DIRECTV receiver for his personal viewing at the pizzeria. (Id. at ¶ 7.) At the time the auditor entered the pizzeria, there were no other patrons present and Defendant Torre was the only one watching the television. (Id. at ¶ 5.) Defendant Torre was viewing the local news, which is streamed over the public airwaves. (Id. at ¶ 6.) Defendant Torre declares that he does not advertise DIRECTV or any television programming at the pizzeria. (Id. at ¶ 9.) He also declares that the television is not visible by tables in the separate dining area, but is there only to keep him company while he cooks.[1] (Id.)

We find that there is no evidence that Defendants knew that they were violating the law. Therefore, we will use our discretion and reduce the award of statutory damages to $250.

## II. Damages under 47 U.S.C. § 605(e)(3)(C)(ii)

Section 605(e)(3)(C)(ii) allows a court to award enhanced damages up to $100,000 for each violation of § 605(a), if the court finds that the violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." As to the willful element, the Supreme Court has defined "willful" conduct as "actions 'marked by [the] careless disregard [for] whether or not one has the right so to act.'" J&J Sports Productions, Inc. v. Kraynak, 10-CV-2486, 2013 WL 228962, *4 (M.D. Pa. Jan. 22, 2013) (quoting United Airlines Inc. v. Thurston, 469 U.S. 111, 127 (1985)). Some courts look at whether the person engaged in a deliberate act, such as "altering the cable service in some way so as to receive and view the scrambled transmission." Becchetti, 2013 WL 4520638, *4 (citing Time Warner Cable of New

---

[1] The Court did note in our previous Memorandum (Doc. 32), that the television is visible from tables in the take out area.

York City v. Taco Rapido Restaurant, 988 F. Supp. 107, 111 (E.D.N.Y. 1997)).

In this case, Defendant Torre, who had a residential contract with DIRECTV, brought his DIRECTV receiver from home and hooked it up to the television in Via Nuova Pizzeria. The Court finds that this deliberate act constitutes willful conduct.

We next consider the second element, whether the violation was committed "for purposes of direct or indirect commercial advantage or private financial gain." Courts in this circuit have used a set of five factors: "the number of televisions broadcasting the event, existence of a cover charge, sale of food or drink, advertisement of the event in the defendants' bar, and a demonstration that defendants made more money or conducted additional business by illegally broadcasting the event." Kraynak, 2013 WL 228962, *5 (citing J&J Sports Productions, Inc. v. Munguti, 06-CV-1282, 2007 WL 928479, *3 (D.N.J. Mar. 26, 2007)); see also Becchetti, 2013 WL 4520638, *4 (finding no commercial gain when a bar aired an event without a cover charge, on four televisions, sold alcohol, and there was no evidence that the defendant profited from the program).

Here, there was one television in Via Nuova Pizzeria, there was no cover charge, no advertisement for an event at the pizzeria, and no demonstration that Defendants made more money or conducted additional business by illegally broadcasting any event. In fact, when the auditor entered Via Nuova Pizzeria, the local news was on the television, and it was the auditor who requested a channel change to a basketball game aired by DIRECTV. There was no event being aired in the establishment until the auditor requested the channel change. There was also no other patrons in the pizzeria at this time. We find that the second element required for enhanced damages has not been met. Therefore, the Court will deny Plaintiff's request for

enhanced damages.

### III. Attorney Fees

Section 605(e)(3)(B)(iii) states that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." The "lodestar" method is used to determine a reasonable fee under 47 U.S.C. § 605(e)(3)(B)(iii). Walsh, 540 F. Supp. 2d at 562. The "lodestar" method is "the product of the hours reasonably expended and the applicable hourly rate for the legal services." Id. (quoting Pub. Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995)). Opposing counsel may challenge the fee request, but a court "may not decrease an award based on factors not at all raised" in the opposition. Connor v. Sedgwick Claims Management Services, Inc., 09-CV-1140, 2012 WL 6595072, *3 (D.N.J. Dec. 18, 2012) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183, 1193 (3d Cir. 1990)). The Court has discretion to adjust the fee for various reasons, one reason being, the "'results obtained' by the plaintiff." Id. (quoting Windall, 51 F.3d at 1185). "Specifically, the district court may adjust the amount, which is 'primarily based on the degree of success that the plaintiff obtained.'" DirecTV, Inc. v. Clark, Civil No. 03-2477, 2007 WL 2212608, *2 (D.N.J. July 27, 2007) (quoting Material Techs. Inc. v. Carpenter Tech. Corp., No. 01-2965, 2004 U.S. Dist. LEXIS 28893, *11-12 (D.N.J. Sept. 16, 2004)).

Here, Plaintiff requests $7,883.05 in attorney fees and provides an Attorney's Affidavit of Costs and Fees. (Doc. 34, Pl.'s Br., Ex. A.) Defendants object to Plaintiff's request and argue that attorney fees should be denied, or at least reduced, if they fail to recover more than the Rule 68 Offer of Judgment, which was $1,003.00. Additionally, Defendants argue that due to the results obtained by the Plaintiff, prevailing on two of its nine claims, attorney fees should not be

awarded or should be reduced.

Plaintiff rejected Defendants' July 29, 2013, Rule 68 Offer of Judgment. Under Federal Rule of Civil Procedure 68, if a plaintiff prevails, post-offer costs shift if the winning judgment is less than what the defendant offered. If a statute allows attorneys fees as "costs," then they are subjected to the cost-shifting caused by Rule 68. Marek v. Chesny, 473 U.S. 1, 9 (1985) (superseded by statute on other grounds).

Here, § 605(e)(3)(B)(iii) states that full costs include an award of reasonable attorney fees. Since Defendants' offer included costs, the Court must compare pre-offer costs and attorney fees to determine if the Plaintiff's award of damages is less than what Defendants offered. The Court notes that Defendants do not object to Plaintiff's lodestar calculation as set forth in its affidavit of fees; therefore, the Court will use those calculations in its comparison. Using the Plaintiff's affidavit of fees and costs, the Court finds that the pre-offer attorney fees come to $2,951.80. The Court also finds that the pre-offer costs come to $700. The total amount of the ultimate judgment would be $3,901.80. The Court finds that the Offer of Judgment of $1,003.00 is less than the ultimate judgment; therefore, post-offer costs do not shift to the Plaintiff.

However, the Court may take into account the success of the Plaintiff. "[I]n measuring the level of success a plaintiff has achieved, the district court may consider the amount of damages awarded compared to the amount of damages requested." Id. at *7 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)). Plaintiff requested the statutory maximum of $10,000 and $20,000 in enhanced damages. Initially, Plaintiff filed three counts against Rocco Perugini, Astride Torre, and Via Nuova, Inc. Of those nine claimed causes of actions, Plaintiff prevailed

on two. Taking these factors into consideration, the Court uses its discretion and finds that a downward adjustment of 30% is warranted. Accordingly, the Court will award $5,483.13 in attorney fees.

Plaintiff also seeks $1,056.30 in costs. Defendants have not objected to this amount. Because these are reasonable, we will award these costs.

## IV. Conclusion

For the reasons stated above, the Court will award DIRECTV's fee petition in the amount of $6,789.43. An appropriate Order will follow.